# Wesley v. The State.

## Indictment for Robbery.

1. *Refusal of change of venue.*—As no appeal lies from the refusal of a change of venue, this court will not pass upon the sufficiency of the grounds for the ruling.

2. *Venire; what not ground for quashing.*—It is not ground for quashing the *venire* summoned for the trial of a capital offense, that it included the names of two of the regular jurors for the week, who, on a previous day, had convicted prisoner's co-defendant, as to whom there had been a severance; such persons may be challenged for cause.

3. *Challenge for cause; what not ground of, by prisoner.*—It is not ground of challenge by the prisoner, that a juror has a fixed opinion against capital or penitentiary punishment; neither can the prisoner complain of the action of the State in waiving such cause of challenge.

4. *Indictment for robbery; sufficiency of.*—In robbery, where the indictment describes the property taken from the person as "thirty dollars in greenbacks, national bank-notes, gold *or* silver coin of the United States," the property of a specified third person, it must be construed as a charge of taking "dollars of greenbacks, *or* national bank-notes, *or* gold *or* silver coin of the United States, and if the taking of any one of these things should not amount to robbery, the indictment would be bad.

5. *Same.*—The term "greenbacks" is a slang word, and by itself, without connection with something else indicating the notes called by that name, is not a proper denomination for them in an indictment; but in robbery the kind and value of the property so taken, is immaterial so long as it is of any value; and "greenbacks," designated in the indictment as "thirty dollars of greenbacks," having been ascertained by the verdict to be the *property* of the prosecutor, and feloniously taken from his person by violence,—the court properly passed sentence on the verdict.

APPEAL from City Court of Montgomery.
Tried before Hon. JOHN A. MINNIS.

[Wesley v. The State.]

The indictment in this case charged that before the finding thereof, " Charles Wesley, *alias* Charlie Wesley, and Creed Scott, feloniously took thirty dollars in greenbacks, national bank-notes, gold or silver coin of the United States, the property of William Hamilton, from his person, and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, against the peace," &c.

There was a severance, and Wesley was tried, found guilty and sentenced in accordance with the verdict, to seventy-five years imprisonment in the penitentiary. The defendant was arraigned at the spring term, 1878, and the cause was continued. At the next term the defendant filed a sworn petition for change of *venue*, on the ground of local prejudice, setting forth at length the facts which, it was claimed, prevented a fair trial in Montgomery county. The bill of exceptions recites that the court overruled the application, " without hearing any evidence in support thereof, notwithstanding defendant offered to introduce testimony in support thereof." There were " no supporting affidavits offered with the petition, no specific witnesses tendered, or specific fact offered to be proved, but a general declaration of defendant's counsel, that they proposed to sustain the allegations of the petition by evidence, made after the case was called for trial, and a jury for the third time had been summoned by this court for the trial. The defendant separately and duly excepted to the refusal to hear evidence, and to the overruling of the application."

The defendant then demurred to the indictment on the following grounds : First, that " the term *greenbacks* used in the indictment is insufficient ; second, that the description of the money specified in the indictment is too vague and uncertain ; third, that the different kinds of money specified in the indictment can not be stated in the alternative ; fourth, that the indictment charges no offense." This demurrer was overruled.

The defendant then moved to " quash the venire empanelled to try said cause, upon the ground that the regular panel on the venire, were the same that had been placed as the regular panel on the venire summoned to try Creed Scott, his co-defendant," but who had been separately tried and convicted on a former day of the week. In support of the motion, defendant showed " that two of the regular panels, West and Prickett, were on the jury which tried said Creed Scott." The court overruled the motion to quash, and

[Wesley v. The State.]

defendant excepted. The court informed the prisoner that in event any juror was drawn, who had tried said Creed Scott, he might be challenged for cause, and he was allowed this right. Wilson Williams was drawn as a juror, who stated in answer to a question by the solicitor, that he "had no fixed opinion against capital punishment, but did have a fixed opinion against penitentiary punishment." The solicitor waived this objection, and the court pronounced him a a competent juror, and he was accepted by the State. Defendant asked leave to challenge said juror for cause, but the court would not permit it, and he therefore challenged him peremptorily, and said " challenge was charged against him." Defendant separately and duly excepted to each of said rulings. The jury was completed, before defendant's challenges were exhausted.

JNO. GINDRAT WINTER, for appellant.—Our decisions go no further than to hold, that this court will not revise the exercise of discretion upon the facts presented for a change of venue. Here the court refused to *exercise* its discretion. It overruled the application without hearing evidence in support of it. The constitution gives the defendant the right to be *heard*, and in a case like this there is no other way to make that right effectual, than to reverse, because defendant was not heard. The court had no *discretion* as to whether it would *hear* defendant. A plain legal right was denied defendant. How can this court say that the lower court, in the exercise of its discretion, would have overruled the application, if it had heard the evidence?

2. The court erred in its ruling as to the juror Wilson. The law affixes death or imprisonment as the punishment on conviction of robbery. It is the defendant's right to have the juror *impartial*, not only as to guilt or innocence, but also as to the modes of punishment. The *law* says, under some circumstances, it is proper to imprison on conviction. The *juror*, says, in effect, that he will not carry out the law. He fixes death as the punishment, under all circumstances. Section 4883 of the Code is unconstitutional; for its effect is to deny an *impartial* jury. Murphy's case, 37 Ala. 142, does not show what answer the juror made. It may be, that the juror answered, that he had a fixed opinion against capital punishment. The waiver of this by the State, could not prejudice the prisoner—in event of conviction, the juror would only inflict the milder punishment. The error, if any, in that event would not injure.

[Wesley v. The State.]

3. The indictment is fatally defective.—*Crocker v. State,* 47 Ala. 53. The term "greenbacks" is not known to the law. It must be shown that the thing taken was of value. Robbery is larceny aggravated by the force. In simple larceny, the value must be alleged and proved. Why hold that less strictness is required in the graver offence, than in the lesser one of simple larceny? In legal effect, this indictment charges merely that defendant took "*something,*" the property of Hamilton, &c. The disjunctive *or* requires that everything mentioned as taken, should be the subject of larceny.

H. C. TOMPKINS, Attorney-General, *contra.*—The indictment was sufficient.—*DuBois v. The State,* 50 Ala. 139; *Grant v. The State,* 50 Ala. 139; 29 Mich. 232; *Sawtelle v. Commonwealth,* Cush. 142.

2. The ruling upon change of venue is not revisable. Such ruling not being revisable, it is immaterial what reasons were given for it.

3. The regular jurors, the law required to be put on the list served on the prisoner. It is to make up for disqualification among these, that the extra jurors are summoned. The court allowed challenges for cause, as to the Scott jury, and that was all appellant was entitled to.

4. A fixed opinion against capital or penitentiary punishment, is cause of challenge by the State only. The defendant has no right of challenge on either ground. He can not complain of the State's waiver of cause of challenge.—37 Ala. 142.

MANNING, J.—It is settled here, that no appeal lies for the refusal by the primary court, to order a change of *venue* in a criminal cause.—*Kelly v. The State,* 52 Ala. 361. It follows that this court will not inquire into the reasons for such a refusal when a cause is brought here after final judgment below. It would be useless to examine into considerations upon which a ruling was made which, if wrong, it is not within our province to correct.

To constitute the jury that shall try a defendant charged with a capital offense, the court must make an order for the summoning of " not less than fifty nor more than one hundred persons, including those summoned on the regular juries for the week."—Code of 1876, § 4874 (4173). A motion was made to quash the *venire,* because among the persons so summoned, were two from " the regular juries for the week," who had a few days before served as jurors in the trial of·

[Wesley v. The State.]

one Creed Scott, and found him guilty of the same offense of robbery, and under the same indictment as that upon which the present defendant was prosecuted. They were jointly indicted, but a severance was allowed that they might be separately tried. The judge refused to quash the *venire*, but permitted defendant to challenge such persons for cause, in the formation of the jury.

It is commonly supposed to be a right of the defendant which the court must respect, to have all the jurors empanelled for the week summoned among the persons from which the special jury in a capital case shall be constituted. It would doubtless have been alleged as matter for just complaint, if any of them were, without cause, omitted from the *venire*. How could the judge and sheriff know that the same jurors would render the same verdict against two different defendants separately tried for the same offense, or that the prisoner to be tried might not be so assured of its being shown that he was innocent, as to desire the very persons to serve as jurors in his case, who had heard the evidence and rendered a verdict against the other defendant? It was certainly lawful, if not a right on which defendant could insist, that the persons serving on the regular juries for the week should be summoned to serve, if selected, upon the jury for his trial.—See *Floyd v. The State*, 55 Ala. 61. The Circuit Court did not err in overruling the motion.

It is the right of the State, not that of the defendant, to challenge for cause a person offered as a juror who has a fixed opinion against capital or penitentiary punishments.—Code, § 4883 (4182); *Murphy v. The State*, 37 Ala. 142. The judge did not err in putting Wilson Smith upon defendant as a competent juror, and refusing to exclude him unless challenged peremptorily.

The indictment charges robbery, in feloniously taking "thirty dollars in *greenbacks*, national bank-notes, gold or silver coin of the United States, the property of William Hamilton, from his person and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same," &c. There being no copulative conjunction in that part which is designed to be the description of the things alleged to have been so taken, and it being against the rules for the interpretation of such instruments, to support an indictment by implications, we must construe the charge as in the alternative,—that defendant "feloniously took thirty dollars of greenbacks, *or* national bank-notes, *or* gold or silver coin of the United States," &c. And

[Wesley v. The State.]

if such taking of any one of these things should not amount to robbery, the indictment would be defective.—*Danner v. The State*, 54 Ala. 127; *Daniel v. The State*, (at this term.)

In the grave and formal accusation of a grand jury, by which a person is put on trial for his liberty or life, things which are the subject of an alleged larceny or robbery, should be called or set forth by the names or words which properly designate or describe them. "Greenbacks" is but a nickname, originally, or slang word, derived from the color of the engraving on the backs of the currency so denominated, and not either the legal designation, or a proper description of the things alleged to have been feloniously taken. The fact that the word has, from its conveniency, come into common use, does not make it by itself, without connection with something else indicating the notes called by that name, a proper denomination for them in an indictment.—*Grant v. The State*, 55 Ala. 201.

However, we can not hold that the indictment is, on that account, fatally defective. The crime it charges against the defendant is robbery. This is defined to be "the felonious and forcible taking of the property of another from his person, or in his presence, against his will, by violence, or by putting him in fear."—2 Whar. Amer. Cr. Law, § 1696, (6th ed.); Archbold, 418. In this offense the kind and value of the property so taken, is not material, because force or fear is its main element. Hence, when a man was knocked down and his pockets rifled, but the robbers found nothing but a piece of paper having a memorandum on it, an indictment for robbing him of the paper was held to be maintainable. It was held sufficient if of some value, however little, to the person robbed.—*Rex v. Bingley*, 5 Car. & P. 602; *State v. Burke*, 73 N. C. 83.

In this cause, the indictment charges and the verdict ascertains that these "greenbacks," described to be "thirty dollars of greenbacks," &c., were the *property* of one Hamilton, and were feloniously taken by defendant, from said Hamilton's person against his will by violence to his person, or by putting him in fear. This was robbery.

Let the judgment of the City Court be affirmed.