## Acker *versus* The Commonwealth.

In an indictment for robbery, under the Act of March 31st 1860, it is not necessary that all the circumstances which enter into the definition of robbery at common law should be particularly averred in the indictment.    If the word "rob" is used in the indictment it includes all these circumstances, and it is not necessary to further aver that the property was taken "from his body and against his will."

March 3d 1880.    Before SHARSWOOD, C. J., GORDON, PAXSON, TRUNKEY and STERRETT, JJ.    MERCUR and GREEN, JJ., absent.

Error to the Court of Oyer and Terminer of *Lehigh county :* Of July Term 1879, No. 27.

Indictment of Charles Acker for robbery.

The following was the indictment :

" In the Court of Oyer and Terminer and General Jail Delivery and Quarter Sessions of the Peace for the county of Lehigh :

April Sessions 1879.

LEHIGH COUNTY *ss. :*

The Grand Inquest of the Commonwealth of Pennsylvania, inquiring for the county of Lehigh, upon their oaths and affirmations, respectively do present, that Charles Acker, late of the said county, yeoman, on the 23d day of October A. D. 1878, at the county aforesaid, and within the jurisdiction of this court, with force and arms, &c., then and there, on and upon one August Seeber then and there being, feloniously did make an assault, and him, the said August Seeber, in bodily fear and danger of his life, then and there feloniously did put, and one ten dollar bank note of the value of ten dollars, four five dollar bank notes, of the currency of the United States, of the value of five dollars each, and two one dollar bank notes, of the currency of the United States, of the value of one dollar each, of the goods and chattels, moneys and property of him, the said August Seeber, then and there feloniously and violently did rob, seize, steal, take and carry away ; contrary to the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

The indictment was endorsed as follows :

"No. 89, April Session 1879.    Commonwealth *v.* Charles Acker. Robbery.    A true bill.    D. D. Jones, foreman.    April 16th 1879. August Seeber, pros.    Now, 22d day of April A. D. 1879, defendant being arraigned, pleads not guilty.

CHARLES ACKER."

Counsel for defendant moved to quash the bill of indictment for the following reasons : 1. The indictment is fatally defective, in that the averments therein contained are insufficient, in that they do not state that the money therein described was taken from the

[Acker v. Commonwealth.

person of August Seeber and against his will.   2. The description of the money alleged therein to have been stolen is too vague, indefinite and uncertain.   3. The indictment does not contain the necessary averment that August Seeber was put in bodily fear by the defendant, with the intent to rob or steal the property alleged to have been feloniously taken and carried away.

A motion was also made in arrest of judgment for the foregoing reasons, and the additional one that "the indictment did not charge the said Charles Acker with any offence known to the law."

Both motions were overruled, which were the errors assigned by defendant, who took this writ.

*W. H. Sowden* and *J. M. Kessler*, for plaintiff in error.—An indictment must explicitly charge all that is essential to constitute the offence.   It cannot be aided by intendments, but must positively and explicitly state what the prisoner is called upon to answer : State v. Seay, 3 Stewart 123 ; Commonwealth v. Walters, 6 Dana 290 ; Kit v. State, 11 Humph. 167 ; Bulloch v. State, 10 Geo. 46.   The description of the offence must be technically correct : Whart. Crim. Law, 6th ed., vol. 1, sect. 287.   In criminal prosecutions whatever circumstances are necessary to constitute the crime imputed must be set forth upon the record, and the omission of any fact or circumstance necessary to constitute the offence is fatal : Commonwealth v. Corson, 2 Parsons 475.

The indictment does not follow the words of the. statute, and omits the very gist of the offence—the stealing from the person. If the taking from the person and against the will is a material part of the definition of the crime, why not aver it on the record ? It has been the uniform practice of all pleaders in criminal courts, without exception, to place these words, "from his body and against his will," in every indictment for robbery, and every indictment at common law which has been declared valid contains them.

*Milton C. Henninger*, District Attorney, and *Arthur G. Dewalt*, for defendant in error.—If the indictment charge the offence substantially in the language of the act it is sufficient.   It cannot with reason be contended that because the indictment does not contain the averment *from the person* and *against his will*, that therefore the defendant is not furnished with sufficient information of the charge he is to meet, and with the particulars thereof so as to enable him properly to prepare for his defence ; when at the same time the indictment alleges that the said defendant assaulted the said Seeber and put him in bodily fear of his life and violently robbed, seized, stole, took and carried away certain moneys of the said Seeber, and when all these particulars are so

[Acker *v.* Commonwealth.]

pleaded as to amount to the allegation of a single continuous transaction.

The judgment of the Supreme Court was entered March 22d 1880,

PER CURIAM.—The eleventh section of the Criminal Procedure Act of March 31st 1860, has provided that "every indictment shall be deemed and adjudged sufficient and good in law, which charges the crime substantially in the language of the Act of Assembly, prohibiting the crime and prescribing the punishment if any such there be." The language of the Criminal Code is, "If any person shall rob another, or shall steal any property from the person of another, &c." It is not necessary that all the circumstances which enter into the definition of robbery at common law should be particularly averred in the indictment. The word *rob*, which is used *ex vi termini*, includes all those circumstances, and it sufficiently appears that a taking from the person of the prosecutor and against his will, that being the legal definition of robbery, was substantially charged in the indictment.

Judgment affirmed.