STATE *vs.* FRANK S. DOMANSKI *et al.*

MARCH 16, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J.   In this case a constitutional question is certified to us under General Laws, 1923, Chapter 348, Section 1.   The defendants contend that the form for robbery set out in Public Laws, 1932, Chapter 1954, Section 3, Clause 5, which the indictment in the instant case follows, is unconstitutional in that it fails to inform them of the nature and cause of the accusation, in violation of Article I, Sec. 10 of the Constitution of Rhode Island.

The above-cited clause reads as follows:   "The following forms may be used in the cases in which they are applicable:   .  .  .   Robbery.—A. B. robbed C. D."   The indictment charges that these defendants on June 1, 1936, in Central Falls, "did rob one William J. Wilbek."   Section 3, Clause 4 of the statute in question provides that: "The indictment or complaint may charge, and is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one or more of the following ways:   (a) By using the name given to the offense by the common law or by a statute."

The common law crime of robbery consists in the "felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence, or putting him in fear." 2 East P. C. 707; 4 Black, Comm. 243; Hale P. C. 532. The gist of the crime of robbery is the taking by force and fear.   The nature and value of the property is immaterial, so long as it is property which may be the subject of larceny.   *State* v. *Denby,* 143 Wash. 288; *Wesley* v. *The State,* 61 Ala. 282, 287; *State* v. *Burke,* 73 N. C. 83; *State* v. *Howerton,* 58 Mo. 581; *People* v. *Nolan,* 250 Ill. 351; *State* v. *Perley,* 86 Me. 427.   The common law definition of the word "robbery" includes both the nature and cause of the offense.   The manner in which that crime must be committed indicates its nature, and the kind of property that must be taken identifies the cause.

A word may acquire a specific meaning and become a word of art through constant and unmistakable usage.  At common law the term "robbery" or "to rob" has but a

single meaning. When used in criminal proceedings or in connection with legal matters these words have a technical meaning and, unless otherwise defined by statute, they include within themselves all the elements of the common law crime of robbery. We cite the following rather old cases to illustrate the sole meaning that for years has been impressed by the courts upon the words "robbery" and "to rob" in the general field of the law.

In *De Rothschild* v. *The Royal Mail Steam Packet Co.*, 7 Exch. 734, the defendant was sued for the theft of boxes of gold dust, while in transit from Panama to London, under a bill of lading which excepted loss by "robbers". Looking at the nature of the contract and the circumstances under which it was made, the court agreed with counsel for the defendants "that the word 'robbers' ought not to be construed in the technical sense given to the word 'rob' by the English law writers, and by some of the English statutes (1 Vict. c. 87, s. 2, for instance) where it means the felonious taking from the person or in the presence of another, of money or goods, against his will, by force, as putting him in fear", but the court nevertheless held the defendants liable on the ground that the gold dust was stolen and not "taken by force by a vis major." The statute cited by the court provides a penalty for "whosoever shall rob any Person" and at the time "of such Robbery" shall cut, stab or wound him.

In *Tomlinson* v. *Brittlebank*, 4 Barn. & Adolph, 630, the declaration in an action for slander alleged that the defendant said of the plaintiff: "He robbed John White, thereby meaning that the said plaintiff had been and was guilty of an offense punishable by law." There being no allegation of special damage, counsel for the defendant contended that the word "rob" was of equivocal import and that, therefore, the suit could not be maintained without such an allegation. The court overruled this contention and, at page 632 of the opinion, says: "Almost any words may be used in more than one sense. But the word

to 'rob' gives a sufficient description of an offence punishable by law in the very terms of the statute 7 & 8 G. 4, c. 29. It has but one legal sense."

In *Tyson* v. *United States,* 7 Okla. Crim. 433, the defendant was indicted in the words of the statute for an "assault with intent to rob." The court sustained the indictment and, at page 434, says: "The term 'rob' is used therein in its common-law sense and has a well-defined meaning." The case of *Robinson* v. *The State,* 11 Tex. App. 309, is to the same effect. In *Acker* v. *Commonwealth,* 94 Pa. 284, the indictment for robbery failed to charge that the property was taken from the person and against the will of the prosecutor. The defendant filed motions to quash the indictment and in arrest of judgment on the ground that the indictment did not charge any offense known to the law. These motions were overruled and, at page 286 of the opinion, the court says: "It is not necessary that all the circumstances which enter into the definition of robbery at common law should be particularly averred in the indictment. The word *rob,* which is used *ex vi termini,* includes all those circumstances, and it sufficiently appears that a taking from the person of the prosecutor and against his will, that being the legal definition of robbery, was substantially charged in the indictment."

The common law meaning of the word "robbery" was well established in this State long before P. L. 1932, Chap. 1954, now under consideration, was passed by the legislature. No definition of that word appears anywhere in our statutes, where robbery is referred to only by name. For years the State has made it a crime with severe penalty to "commit robbery"; (G. L. 1923, Chap. 395, Sec. 4) or to "make an assault with intent to commit robbery" (*idem.* Sec. 18); or "to enter any dwelling house in the night time with intent to commit robbery" (G. L. 1923, Chap. 397, Sec. 9); or to be a "principal or accessory in any robbery" (*idem.* Sec. 27); and "Every murder . . . committed in

the perpetration of, or attempt to perpetrate any . . . robbery" is murder in the first degree. (G. L. 1923, Chap. 395, Sec. 1). In the absence of any statutory definition of the word "robbery", it is clear to us that throughout our statutes the legislature used that word to identify the crime of robbery as known to the common law.

The provision in our constitution that the accused shall be informed of the "nature and cause" of the accusation is found not only in the federal constitution but in the constitutions of various States. Whatever else this provision may mean, it certainly signifies that the charge in an indictment shall be sufficient in law to fully and plainly identify the offense with which a defendant is sought to be charged. The accused undoubtedly has the constitutional right to be clearly informed of the accusation against him so that he may defend the same and later plead a conviction or acquittal in bar of a subsequent charge for the same offense, and, further, so that the court, upon conviction, may pronounce sentence according to the right of the case. No simplification of an indictment which deprives an accused of this constitutional guarantee could be sustained by the court. See *People* v. *Farson*, 244 N. Y. 413, 417.

Public Laws, 1932, Chap. 1954, is a permissive statute allowing the prosecution, if it so elects, to eliminate some of the technical requirements which have surrounded the practice of criminal law. It was designed to simplify criminal procedure, not to change the substantive law. If the indictment charges an offense known to the common law in technical word or words which admit of but one meaning, and especially where the language used is the same as that of the statute that prescribes the penalty for that offense, the defendant's constitutional guarantee is fully satisfied.

The indictment in the instant case is drawn under the short form authorized by the statute above cited, which declares that it shall be sufficient in a case of robbery to

charge that "A B. robbed C. D." There can be no doubt at this late date as to what crime the words "robbery" or "to rob" identify in criminal law. These words, when used as words of art, include within themselves all the necessary component elements that constitute the offense. When the State charged that these defendants "did rob one William J. Wilbek", the defendants were left with no doubt of the nature and cause of the accusation against them.

Where, as in this case, the indictment is in short form and charges the offense by its technical name without specification of further details, the defendant may secure whatever additional and proper information he may require to prepare for trial by a bill of particulars. It should be noted that Section 3, Clause 7, of the statute provides that, upon motion by the defendant, the court shall "order the prosecution to furnish him with such *particulars*" of the offense as to enable him to adequately prepare his defense. (Italics ours.) This provision of the statute is designed to fully protect the accused and should be liberally construed.

It is well established that a statute is presumed to be constitutional until the party raising the question of its unconstitutionality proves beyond a reasonable doubt that it is unconstitutional. A reasonable doubt is to be resolved in favor of the legislative action and the act sustained. *State* v. *Smith,* 56 R. I. 168, and cases cited. There is a limit to the simplification of criminal pleading, and the legislature may have gone to the verge of it in allowing the form that was used in the case at bar, but we are not satisfied that any constitutional right of the defendants has been violated in this instance.

Our decision is that the form for robbery allowed by Public Laws, 1932, Chap. 1954, Section 3, Clause 5, which was used in the indictment in the case at bar, does not violate Article I, Sec. 10 of the Constitution of Rhode Island.

The papers in the case, with our decision certified thereon, are sent back to the Superior Court for further proceedings.

*John P. Hartigan,* Attorney General, *John J. Cooney,* 2nd Asst. Atty. Gen., for State.

*Kirshenbaum & Kirshenbaum, Lester T. Murphy,* for defendant.