GUERRINO BROSCO *et al. vs.* G. FREDERICK FROST,
*Associate Justice.*

JUNE 10, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

2

PER CURIAM. This is a petition for a writ of mandamus directed to a justice of the superior court requiring him to certify, in accordance with the provisions of general laws 1938, chapter 545, § 1 (G. L. 1923, chap. 348, section 1) a question involving the constitutionality of chap. 1954, P. L. 1932 (G. L. 1938, chap. 625). The petitioners, as defendants below, filed a demurrer to indictment No. 19502, on the grounds, among others, that the indictment is drawn under clauses 4 and 5, section 1 of chap. 1954, and that these clauses are repugnant to several specified provisions of the constitutions of this state and of the United States.

The constitutional questions thus raised by the demurrer were brought to the attention of the court by a motion to certify them to this court, in accordance with G. L. 1938, chap. 545, § 1. This section reads as follows: "Whenever, in any action or proceeding, civil or criminal, pending before any court, the constitutionality of an act of the general assembly shall be brought in question upon the record, the court *shall forthwith certify* the question to the supreme court to be heard and determined." (italics ours)

The constitutionality of an act of the general assembly is "brought in question upon the record" when it is clearly questioned by the allegation of any pleading, or by any other formal objection filed in the case. Whenever thereafter this state of the record is formally called to the attention of the court where the case is pending, "it is the duty of said court to at once certify the question in the form, in which it has been raised by the parties, to this court for its action thereon." *Blais* v. *Franklin*, 30 R. I. 413, at 421.

In that case, the immediate certification by the superior court was objected to upon various grounds, including the grounds that the allegations of the bill which asserted the unconstitutionality of the chapter involved, were not then in issue. In treating such objections, the court said: "Some of the objections to the action of the Superior Court, urged

by counsel for the respondents in their arguments and briefs, are, rather, objections to *the determination of the questions* when they shall be *before this court for hearing*. Although the statute provides that the Superior Court *shall forthwith certify* the question to this court for hearing and determination whenever the constitutionality of any act is brought in question upon the record, *we* do not consider it to be the intent of the legislature that *this court* shall pass upon the question of the constitutionality of an act of the General Assembly that is not germane to the case in which it is raised, or in a case which is clearly without standing in court, or when the determination of the question is entirely unnecessary." (italics ours)

The practice under this statute and in accordance with its construction in the above-mentioned case has been followed consistently and is now well established. We have found no case in which the superior court was authorized to exercise discretion in determining in the first instance whether the constitutional questions were germane or otherwise controlling. On the contrary, all of these cases have held that this court will pass upon the question, whether the determination of the constitutionality of the act is premature or germane or indispensably necessary, when the question has been certified and is before us for hearing and determination.

Whether the writ of mandamus is one of right, as contended by the petitioners, or a prerogative and discretionary one, as contended by the state, the law is well settled that mandamus is warranted and should issue when the petitioners have shown a compliance with the essential prerequisites to mandamus, as set forth in *Putnam Foundry & Machine Co.* v. *Town Council*, 28 R. I. 422, at 428. In our opinion, upon the narrow issue and record before us, the petitioners have met these requirements; and, under the mandatory provisions of the statute and its consistent construction in the cases following *Blais* v. *Franklin, supra,* we

4

are constrained to grant the prayer of the petitioners for the writ.

The writ of mandamus will therefore issue.

*Aram A. Arabian,* for petitioners.

*Louis V. Jackvony,* Attorney General, *Matthew W. Goring,* Special Assistant Attorney General, for respondent.