STATE *vs.* GUERRINO BROSCO *et al.*

SAME *vs.* THOMAS VERDE *et al.*

SAME *vs.* VINCENT DI COLA *et al.*

SAME *vs.* ANTHONY CIARAMELLO *et al.*

NOVEMBER 7, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. These are indictments for conspiracy. They have been certified to this court by the superior court in accordance with the provisions of general laws 1938, chapter 545, §1. Each certification calls for the determination of certain questions relating to the constitutionality of public laws 1932, chapter 1954, which were brought in question upon the record by the defendants' demurrers to these indictments and by motions to quash them.

The superior court has not specifically set forth in its several orders of certification the questions of constitution-

ality as they were brought upon the record in that court by the defendants, but counsel for the defendants have expressly waived any right they may have had to insist upon this point, and have stated the questions in their brief, as they understand them, as follows:

"Question One (From Clause 6 of defendants' demurrers and motions to quash). That the provisions of Chapter 1954 of the Public Laws of 1932, Section 3, Clause 5, are repugnant to the Rhode Island Constitution, Article I, Section 10, and to the Rhode Island Constitution, Article I, Section 7.

"Question Two (From Clause 8 of defendants' demurrers and motions to quash). That the provisions of Chapter 1954 of the Public Laws of 1932, Section 3, Clause 5, are repugnant to the United States Constitution, Amendment 14, Section 1.

"Question Three (From Clause 15 of defendants' demurrers and motions to quash). That the provisions of Chapter 1954 of the Public Laws of 1932, are repugnant to the Rhode Island Constitution, Article I, Section 10.

"Question Four (From Clause 15 (b) of defendants' amended demurrers and motions to quash). That the provisions of Chapter 1954 of the Public Laws of 1932, Section 3, Clause 4, are repugnant to the Rhode Island Constitution, Article I, Section 10, and to the Rhode Island Constitution, Article I, Section 7."

Ordinarily the certification of a constitutional question to this court for determination ought to be in the form in which the party raising it has brought it upon the record. The reason for this requirement is well stated in *Blais* v. *Franklin,* 30 R. I. 413, at page 422. "In the matter of a constitutional question, the objection is one raised by the party; he is entitled to have it considered in just the form in which he brings it upon the record. The duty is upon him to make his objection with sufficient certainty to enable this court to pass upon it." However since none of these defendants

objects to the form of certification here and since counsel for each of them have clearly and expressly stated their objections on constitutional grounds in the above-enumerated questions, we shall consider such questions as being a proper statement of the issues as they were brought in question upon the record in the superior court by defendants' demurrers and motions to quash.

The state contends that these indictments, as drawn, do not in any way depend upon the provisions of chapter 1954 of the public laws of 1932, and the attorney general has solemnly stated in this court that he does not rely upon that chapter or any part of it for the validity of these indictments. He contended before us, and he stated that he contended in the superior court, that these indictments were drawn with due regard to the strict requirements of the common law, and that they were what might be called the traditional common-law indictments which have long been employed in this state for charging the common-law crime of conspiracy.

The trial justice who heard and decided the defendants' demurrers and motions to quash, which raised the constitutional questions now before us, also found that these were common-law indictments and that they were not drawn under the liberal provisions of chap. 1954. Having thus decided, he refused, at first, to certify to this court the constitutional questions raised by the pleadings, because, in his opinion, no question of the constitutionality of a statute was involved. However, in original proceedings in mandamus in this court, brought by defendant Guerrino Brosco and the other defendants, we ordered the superior court to certify the questions here for our determination. *Brosco et al v. Frost, Assoc. Justice,* 63 R. I. 1, 6 A. 2d. 705.

Having now had the opportunity of examining for ourselves the form of each of these indictments and having also

had the benefit of the arguments of counsel for the state and of counsel for these defendants, we are of the opinion that no constitutional question which requires our consideration at this time is presented by the record. None of these indictments purports to be drawn in reliance upon the liberal provisions of chap. 1954, as appears from a comparison of their phraseology with that of the sample form for conspiracy set out in clause 5 of that chapter. Nor does any purport to be drawn in reliance upon clause 1 of that chapter, which authorizes the omission in indictments of certain words of art, such as "wilfully", "feloniously", "unlawfully", or "with force and arms." On the contrary, these indictments appear to charge the crime of conspiracy in the traditional common-law form that the defendants "did unlawfully and feloniously combine, confederate and agree together" and "with force and arms" *etc.;* and then each indictment goes on to allege the object of the conspiracy.

These indictments are also lacking in any indication that the state availed itself of the provisions of clause 4 of chap. 1954. That clause authorizes a considerable variance from the requirements of the common law in charging the offense for which the defendant is being prosecuted, but the indictments at bar clearly do not follow the manner of alleging the offense as suggested in that clause. Rather they appear to adhere to the customary common-law forms of allegation of the offense.

This being so, and without in any manner taking into consideration either the finding of the trial justice that these were not indictments drawn under chap. 1954, or the solemn statement of the attorney general in this court that in drawing the indictments he did not rely upon the provisions of that chapter, we cannot say that said chapter is involved in these proceedings. If chap. 1954 could be construed as prescribing an exclusive method of formulating an indictment under our law and abolishing the forms of the common

law, then the chapter would by necessity be involved, as no form of indictment, except that prescribed by the chapter, would be available to the state. But to make certain that no such construction would be made of this statute, the legislature expressly provided in clause 6 of sec. 1 of the chapter that: "An indictment or complaint sufficient before the enactment of this section in its present form shall continue to be sufficient notwithstanding such enactment."

And in *State* v. *Domanski*, 57 R. I. 500, 504, we recently said: "Public Laws 1932, chap. 1954, is a permissive statute allowing the prosecution, if it so elects, to eliminate some of the technical requirements which have surrounded the practice of criminal law." In the present instance, the state appears to have elected not to avail itself of this permission and thus to have avoided bringing in question at this time the constitutional validity of any section or clause of said chapter such as are referred to in defendants' demurrers and motions to quash.

The state thus admits that these indictments are common-law indictments and that they must comply with the rigorous rules of the common law, unrelaxed by the moderating provisions of chap. 1954, if they are ultimately to be held valid. Counsel for the state argued to the superior court that they conform to the requirements of those rules, and that court sustained the state's contention. To these rulings of the superior court, counsel for the defendants duly excepted and, in due time, if the outcome of the proceedings against the defendants in that court makes it necessary for them to do so, they may bring those rulings to this court for review. But they cannot do it now.

In the present proceedings in this court on certification under G. L. 1938, chap. 545, §1, we are not concerned with those rulings of the superior court. We have, therefore, avoided making any statement in this opinion that might be construed as a ruling on the validity of the indictments

under the strict requirements of the common law. What we have said of them in connection with that law has been directed merely to their form and not in any degree whatsoever to their substance.

For the reasons stated, we are of the opinion that the certifications in the instant cases present no question involving the constitutionality of P. L. 1932, chap. 1954 requiring our consideration at this time. These indictments are accordingly ordered sent back to the superior court for further proceedings.

*Louis V. Jackvony,* Attorney General, *Matthew W. Goring,* Special Asst. Attorney General, for State.

*James H. Kiernan, Sidney L. Rabinowitz,* for Brosco et al.

*Herman D. Ferrara,* for Verde et al.

*William G. Troy, Anthony S. Di Cola,* for Di Cola et al.

*Herman D. Ferrara,* for Ciaramello et al.

*Aram A. Arabian,* for all defendants.