**STATE**

v.

**James RIELY.**

No. 86–261–C.A.

Supreme Court of Rhode Island.

April 16, 1987.

---

James E. O'Neil, Atty. Gen., Annie Goldberg, Thomas Dickinson, Sp. Asst. Attys. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, for defendant.

OPINION

KELLEHER, Justice.

This is the state's appeal from a March 1986 Superior Court judgment that dismissed a criminal information charging the defendant with four counts of violating the provisions of G.L.1956 (1981 Reenactment) § 11-8-3, which calls for the punishment of any individual who, with an intent to commit larceny, enters any dwelling house or apartment at any time of the day or night. The targets of the alleged entries by the defendant were four different dormitory rooms, each of which was occupied by a student attending Roger Williams College. The breaks occurred during what appears to have been the annual intersession vacation period. The information charges Riely with the alleged entry of the "apartment" of each of the four students.

The trial justice's dismissal apparently was based upon his reliance on the holding of *State v. Neary*, 122 R.I. 26, 404 A.2d 65 (1979), where this court nullified a 1972 nolo plea to an indictment that charged Neary with breaking into and entering an apartment because at that time § 11-8-3 spoke only in terms of entry into a dwelling house. The term "apartment" had been deleted by the law revisioners during a compilation of the 1956 General Laws. Since prior to the compilation the General Assembly had used both terms, the 1956 deletion of the term "apartment" from § 11-8-3 was considered significant. As a consequence, Neary's appeal was sustained and the 1972 indictment was quashed.

The Legislature responded to the *Neary* ruling at its January 1980 session when it amended § 11-8-3 by restoring the section to its original language, that is, entry into a dwelling house or apartment. P.L.1980, ch. 50, § 1. The trial justice, in dismissing the information, observed that he was confronted with a "wholly technical issue," but believed that defense counsel had a point when she asked, "[H]ow can a dorm be an apartment?"

Professor Perkins has emphasized that the terms "dwelling" or "dwelling house" import a human habitation or a place of abode used as a "place to sleep in." He also has pointed out that there may be more than one dwelling or dwelling house under the same roof, referring to apartment houses and other similar structures. R. Perkins & R. Boyce, *Criminal Law*, at 255-59 (3d ed. 1982).

In *State v. Austin*, 462 A.2d 359, 365 (R.I.1983), this court construed § 11-8-4, a statute that deals with the breaking and entering into any bank, shop, office, or warehouse. There we recognized that a penal statute is to be construed strictly, but we emphasized that this court would not impose such a restrictive interpretation, which would thwart the clear legislative intent. In our opinion, § 11-8-3 attempts to afford some degree of security to one's abode whether the occupant resides in an apartment or a dormitory room because both units are to be found in multiple dwelling structures that provide the occupant with sleeping accommodations and other facilities, like bathrooms or washrooms that may or may not be shared with

the other occupants. The units occupied by the four students, and which were broken into during the 1985–86 vacation break, come within the meaning of the term "apartment" as it is used in § 11–8–3.

The state's appeal is sustained. The judgment appealed from is vacated, and the case is remanded to the Superior Court for further proceedings.[1]

---

1. The issue presented in this controversy was presented to the court at a show-cause hearing, but because of the significance of the issue raised it was decided that an opinion would be an appropriate vehicle for resolving the question.