222 A.2d 193.

ANTHONY A. GIANNINI *vs.* BOARD OF ELECTIONS *et al.*

AUGUST 24, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a petition for certiorari brought to review a decision of the board of elections rejecting the petitioner's declaration of candidacy for the office of senator for the fifth senatorial district. The petitioner's motion for special assignment for oral argument was denied. However, permission was granted all interested parties to file a memorandum of law with the court by August 22, 1966. The cause was considered on said memoranda and a copy

of the decision of the respondent board submitted by the parties.

It appears that the board rejected petitioner's declaration on the ground that he was not a person eligible to file such a declaration within the purview of the pertinent provisions of G. L. 1956, §17-14-2. That section, as amended, reads: "No person shall be eligible to file a declaration of candidacy, or be eligible to be a candidate or be eligible to be voted for or to be nominated or elected in a party primary, unless such person shall, at the time of filing such declaration, be a qualified voter eligible to vote at the primary of said political party."

The board found petitioner ineligible and rejected his declaration for candidacy on its conclusion that he "was not a qualified voter in the City of Providence on June 27, 1966, the date that he filed his declaration and thus does not comply with the provisions of Chapter 17-14-2, and therefore is ineligible to be a candidate to be voted for in the Democratic primary to be held on September 13, 1966."

We are aware of the need for an expeditious disposition of this petition because of the time element involved in the preparation of ballots for the Democratic primary. Therefore, we will not extend this opinion by discussing the arguments advanced by the parties. It is our opinion that the statute is not susceptible of any reasonable construction that would in the circumstances sustain the validity of the board's action. We are therefore constrained to hold that the board acted illegally in rejecting the petitioner's declaration of candidacy.

The petition for certiorari is granted, the decision of the board of elections rejecting the petitioner's declaration of candidacy is quashed, and the board of elections is directed to accept for filing the petitioner's declaration of candidacy.

*McGee, Gifford & Giannini, William G. Gilroy, Thomas F. Farrelly,* for petitioner.

*John P. Bourcier,* for respondents.