290 A.2d 907.

JOSEPH MERCIOL *et al. vs.* NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY *et al.*

MAY 23, 1972.

PRESENT: Roberts, C. J., Paolino, Powers and Kelleher, JJ.

150

PAOLINO, J.   The New England Telephone and Telegraph Company filed a petition with the Zoning Board of Review of the City of Newport for a variance to allow the construction of a two-story addition to the existing telephone exchange building for the housing of additional telephone equipment.   The premises are located in an R-10 residential district.   The petition requested permission to vary the application of chapter 78-7 of the zoning ordinance as to permitted uses in the R-10 district and chapter 78-9 as to the rear yard.

The board of review heard the petition on January 25, 1971, and, after hearing statements for and against the petition, rendered a written decision granting the petition on the grounds that it was not feasible to relocate the building from its present site and that the proposed addition was "* * * in the public interest to meet the needs of the growing telephone subscribers in this area."

The petitioners, as objectors, appealed the board's decision to the Superior Court pursuant to the provisions of G. L. 1956 (1970 Reenactment) §45-24-20, as amended by P. L. 1969, ch. 239, sec. 48.   Their complaint, as amended, prayed for a restraining order and the overruling of the board's decision.   The board and the telephone company, respondents in this proceeding, filed motions to dismiss. Only the telephone company's motion was argued before the Superior Court and after a hearing thereon the trial justice filed a written decision affirming the decision of the board of review.   A judgment was subsequently entered dismissing petitioners' appeal.

Thereafter petitioners filed a motion here for leave to

file a petition for a writ of certiorari to review and quash the action of the board and the decision of the Superior Court and the judgment entered thereon. After considering the memoranda of law filed by the opposing parties we granted the motion in order to test the effect of G. L. 1956 (1969 Reenactment) §39-1-30, as enacted by P. L. 1969, ch. 240, sec. 1,[1] on §45-24-20, as amended by P. L. 1969, ch. 239, sec. 48,[2] in cases involving public utilities. We ordered the writ to issue forthwith and pursuant thereto the pertinent records have been certified to this court.

The petitioners challenge the validity of the decision of the board of review and that of the Superior Court on several grounds. However we do not reach those questions. The threshold question here raises the issue whether the Superior Court had jurisdiction to hear petitioners' appeal from the decision of the board of review. We address ourselves to that question.

Section 45-24-20, as amended by P. L. 1969, ch. 239, sec. 48, is the general statute governing appeals in zoning cases. It provides in pertinent part as follows:

"Appeals to superior court.—Any person or persons jointly or severally aggrieved by a decision of the zoning board may appeal to the superior court for the county in which the municipality is situated by filing a complaint setting forth the reasons of appeal within twenty (20) days after such decision has been filed in the office of the zoning board. * * *
* * *

"The provisions of this section shall apply to appeals from all zoning boards of review of any city or town, whether or not such city or town has adopted the provisions of this chapter."

Prior to the enactment of P. L. 1969, ch. 239, sec. 48, the method of appeal from decisions of zoning boards was by way of certiorari under §45-24-20, as it then read.

---

[1]Section 39-1-30 is attached hereto as appendix A.

[2]Section 45-24-20, as amended, is attached hereto as appendix B.

At the same time that the General Assembly amended §45-24-20 in 1969, they also enacted P. L. 1969, ch. 240, sec. 1, now G. L. 1956 (1969 Reenactment) §39-1-30. They made no reference to §39-1-30 in §45-24-20, as amended. Section 39-1-30 deals with appeals in zoning cases involving public utilities. It provides for appeals to the Public Utilities Commission. The pertinent portion of §39-1-30 contains the following language which appears in the first sentence of the statute:

> "Every ruling, decision and order of a zoning board of review and of a building, gas, water, health or electrical inspector of any municipality affecting the placing, erection and maintenance of any plant, building, wires, solid waste disposal facility or area, conductors, fixtures, structures, equipment or apparatus of any company under the supervision of the commission shall be subject to the right of appeal by any aggrieved party to the commission within ten (10) days from the giving of notice of such ruling, decision or order."

The New England Telephone and Telegraph Company is a public utility. The decision of the board of review is a "ruling, decision and order of a zoning board of review * * * affecting the placing * * * and maintenance of * * * equipment" of the telephone company, a company "under the supervision" of the Public Utilities Commission. The petitioners are persons aggrieved by the decision of the zoning board.

The narrow question before us is whether petitioners' appeal should have been under §45-24-20, as amended, or under §39-1-30. The petitioners argue in substance that the language of the statutes is inconsistent and at best offers an aggrieved party alternate methods of appeal. The telephone company, on the other hand, argues that the language of §39-1-30 is clear and unambiguous and evidences a legislative intent to treat appeals in zoning cases involving public utilities differently from appeals in cases

not involving public utilities. We agree with the telephone company's position.

It is well settled that where there is apparent inconsistency between statutory provisions that are in pari materia or which affect related subjects, the various provisions must be given meaning and effect and all be made operative if reasonably possible, so that effect may be given to the apparent object and purpose of the Legislature. *Davis* v. *Cranston Print Works* Co., 86 R. I. 196, 133 A.2d 784 (1957). *See also Mustapha* v. *Patton-MacGuyer Co.,* 100 R. I. 493, 217 A.2d 240 (1966); *Davis* v. *Cousineau,* 97 R. I. 85, 196 A.2d 153 (1963). The specific language of §39-1-30 modifies the more general language of §45-24-20, as amended. We are satisfied that the Legislature by the enactment of §39-1-30 intended to create an exception to the general appellate jurisdiction given to the Superior Court by §45-24-20, as amended. Construing §45-24-20, as amended, as giving immediate review to the Superior Court in cases involving public utilities would render §39-1-30 a nullity and would run contra the well-recognized presumption that every word, sentence or provision of a statute was intended for some useful purpose and has some force and effect. *See Capaldi* v. *Liberty Tool & Gage Works, Inc.,* 99 R. I. 236, 206 A.2d 639 (1965). This would be an unreasonable result. We have held many times that the Legislature should not be presumed to have intended to enact laws which are absurd, unjust or unreasonable. *Coletta* v. *State,* 106 R. I. 764, 769, 263 A.2d 681, 684 (1970); *Wilkinson* v. *Harrington,* 104 R. I. 224, 239, 243 A.2d 745, 753 (1968).

By reading §45-24-20, as amended, and §39-1-30, as requiring appeals in zoning matters involving public utilities to be appealed to the Public Utilities Commission gives reasonable effect to both statutes and carries out the legislative intent as disclosed in both. It is clear from what we have

said that the Superior Court had no jurisdiction over petitioners' appeal because they failed to comply with the provisions of §39-1-30 in taking their appeal from the decision of the board of review. Because of such failure we affirm the judgment dismissing petitioners' appeal.

Our holding that an appeal in a zoning case involving public utilities must be to the Public Utilities Commission, and not to the Superior Court, does not in any way restrict the inherent power of this court to review, in its discretion, the decision of the zoning board by way of common-law certiorari. *Compare Nocera Bros. Liquor Mart, Inc.* v. *Liquor Control Hearing Board,* 100 R. I. 644, 218 A.2d 659 (1966).

We have considered the petitioners' argument that if the Superior Court had no jurisdiction to hear their appeal, then neither did the board of review have jurisdiction since the petition to the board was an appeal from an adverse decision of the building inspector. Neither the record nor the law supports this contention. Only the zoning board is given the power to consider a petition for a variance. The zoning board, and not the building inspector, has original jurisdiction over petitions for a variance. This problem has been discussed in depth in *Mello* v. *Board of Review,* 94 R. I. 43, 177 A.2d 533 (1962), and requires no further discussion here other than to point out that what we said in *Mello* is dispositive of this issue.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the Superior Court for the County of Newport with directions to dismiss the case under Super. R. Civ. P. 12(b)(1) for lack of jurisdiction over the subject matter.

Joslin, J., did not participate.

## APPENDIX A

39-1-30. Zoning review — Approval of ordinances and regulations.—Every ruling, decision and order of a zoning board of review and of a building, gas, water, health or electrical inspector of any municipality affecting the placing, erection and maintenance of any plant, building, wires, solid waste disposal facility or area, conductors, fixtures, structures, equipment or apparatus of any company under the supervision of the commission shall be subject to the right of appeal by any aggrieved party to the commission within ten (10) days from the giving of notice of such ruling, decision or order. The commissioner after hearing, upon notice to all parties in interest, shall as speedily as possible determine the matter in question weighing the consideration of public convenience, necessity and safety against consideration of public zoning, and shall have jurisdiction to affirm or revoke or modify such ruling, decision or order to make any order in substitution thereof. Every ordinance enacted or regulation promulgated by any town or city affecting the mode or manner of operation or the placing or maintenance of the plant and equipment of any company under the supervision of the commission shall be subject to the right of appeal by any aggrieved party to the commission within ten (10) days from such enactment or promulgation. The commission, after hearing, upon notice to all parties in interest, shall determine the matter giving consideration to its effect upon the public health, safety, welfare, comfort and convenience.

## APPENDIX B

45-24-20. Appeals to superior court.—Any person or persons jointly or severally aggrieved by a decision of the zoning board may appeal to the superior court for the county in which the municipality is situated by filing a complaint setting forth the reasons of appeal within twenty (20) days after such decision has been filed in the office of the zoning board. The zoning board shall file the original documents acted upon by it and constituting the record of the case appealed from, or certified copies thereof, together with such other facts

as may be pertinent, with the clerk of the court within ten (10) days after being served with a copy of the complaint. When the complaint filed by someone other than the original applicant or appellant, such original applicant or appellant and the members of the zoning board shall be made parties to such proceedings. The appeal shall not stay proceedings upon the decision appealed from, but the court may, in its discretion, grant a stay on appropriate terms and make such other orders as it deems necessary for an equitable disposition of the appeal.

If, before the date set for hearing in the superior court, application is made to the court for leave to present additional evidence before the zoning board and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for the failure to present it at the hearing before the zoning board, the court may order that the additional evidence be taken before the zoning board upon conditions determined by the court. The zoning board may modify its findings and decision by reason of such additional evidence and shall file that evidence and any modifications, new findings or decisions with the superior court.

The review shall be conducted by the superior court without a jury. The court shall consider the record of the hearing before the zoning board and if it shall appear to the court that additional evidence is necessary for the proper disposition of the matter, it may allow any party to such appeal to present such evidence in open court, which evidence along with said record shall constitute the record upon which the determination of the court shall be made.

The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional,

statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The provisions of this section shall apply to appeals from all zoning boards of review of any city or town, whether or not such city or town has adopted the provisions of this chapter.

*Paul E. Burke,* for petitioners.

*Tillinghast, Collins & Graham, Randall W. Bliss,* for New England Telephone and Telegraph Company; *James S. O'Brien,* City Solicitor, for respondents.