**351 A.2d 577.**

AMERICAN OIL COMPANY *et al. vs.* CITY OF WARWICK.

FEBRUARY 11, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

DORIS, J. This is a complaint by the plaintiffs, each of

whom is engaged in the sale and delivery of petroleum products by means of gasoline stations, against the City of Warwick seeking a judgment under the provisions of G. L. 1956 (1969 Reenactment) chapter 30 of title 9, "The Uniform Declaratory Judgments Act." After hearing before a Superior Court justice, sitting without a jury, judgment was entered for the plaintiffs on the ground that an amendment of the zoning ordinance of the city of Warwick was in excess of the authority granted in the State Enabling Act G. L. 1956 (1970 Reenactment) §45-24-10 and was therefore invalid. The defendant has appealed from that judgment to this court.

The record indicates that plaintiffs, at various times commencing in 1928 and continuing through August 1971, had installed signs at various locations in the city of Warwick setting forth the brand name of the petroleum product sold at said locations and other pertinent information. The signs were installed in accordance with the zoning ordinances of the city of Warwick and building permits were obtained for the same, either as part of the general building permit or by obtaining a specific permit for the installation of such signs.

On August 17, 1971, the city of Warwick enacted an amendment to the zoning ordinance[1] relating to signs and

---

[1]The pertinent sections of the amended zoning ordinance reads as follows:

"11.11.1 Any sign lawful at the time of its erection and lawfully existing immediately prior to the effective date of this Ordinance, and the removal of which is not specifically provided for under other Sections hereof, may be continued, maintained and repaired at its present location and size for a period of eight (8) years after the date of issuance of a permit for the erection of said sign or at such time as the particular use to which such sign is devoted is changed, whichever shall occur first. Upon the expiration of the applicable period said sign shall be removed or made to conform to all of the requirements of this Ordinance.

"11.11.2 Any sign which does not qualify for the extension period

billboards which would prohibit the installation of signs similar to those installed by plaintiffs and also to require the removal within eight years after the issuance of the permit for the erection of signs which had been erected or installed by plaintiffs prior to August 17, 1971. Before the adoption of the amended ordinance the signs were subject to the general provisions of the ordinances relating to nonconforming use.

The plaintiffs alleged before the Superior Court that the 1971 amendments to the zoning ordinance of the city of Warwick are null and void, in that the provisions thereof are in violation of §45-24-10 which reads as follows:

> "45-24-10. Pre-existing uses saved.—No ordinance enacted under the authority of this chapter shall prevent or be construed to prevent the continuance of the use of any building or improvement for any purpose to which such building or improvement is lawfully devoted at the time of the enactment of such ordinance."

They argued that the signs erected by them enjoy the status of a nonconforming use and are therefore protected by §45-24-10 and cannot be extended or diminished by a local ordinance. The defendant concedes that §45-24-10 purports to give life to any building or improvements which lawfully preexist any local ordinance, but argues however that a sign cannot in any sense be considered a building or an improvement and therefore is not entitled to the protection of §45-24-10.

The trial justice found that the signs in controversy are not buildings but are improvements and as such are pro-

---

provided for in Section 11.11.1 hereof shall be removed or made to conform to all of the requirements of this Ordinance within one (1) year after the effective date hereof.

"11.11.3 A-frame signs, pennants, flags, whirligigs, banners and string lights (other than those used for Christmas decorations) are illegal temporary signs and must be taken down 10 days after the passage of this Ordinance."

tected by §45-24-10. He found that the zoning amendments are null and void as not being in conformity with the State Enabling Act. Judgment was thereafter entered for plaintiffs. The case is before us on defendant's appeal from that judgment.

The defendant citing *Rowell* v. *Kaplan,* 103 R. I. 60, 235 A.2d 91 (1967) and Super. R. Civ. P. 52(a) argues that the trial justice failed to specifically state the facts on which he based his decision and that his decision should be either reversed or remanded. It is true that Rule 52(a) requires that a trial justice set forth his findings of fact and conclusions of law in actions tried without a jury. However, failure to comply with the rule does not necessarily invalidate the judgment of the trial court as the rule is not jurisdictional.

In *Rowell,* Justice Joslin speaking for the court stated that we will not in every instance insist upon strict compliance with the requirements of Rule 52(a). He further stated that such a conclusion is not without its limitations, that the court cannot be kept in the dark when it reviews. Noncompliance with the rule he said will entail the risk of reversal or remand unless the record will yield a full understanding and resolution of the controlling and essential factual and legal issues.

Here, it is true that Rule 52(a) was not fully complied with. The trial justice in his decision reviewed the testimony and found that the signs in controversy were improvements. The record therefore indicates that the trial justice had a full understanding of the controlling and essential facts and the legal issues so that we will not insist on full compliance with Rule 52(a).

The defendant concedes under our well-established rule that findings of fact by a trial justice in a nonjury case are entitled to great weight and will not be disturbed unless clearly wrong. It argues however, that here, the

trial justice has misconceived or overlooked material evidence and his decision should therefore be overturned.

The plaintiffs argue that the amended zoning ordinance is an attempt to amortize and phase out existing nonconforming uses which are expressly preserved by §45-24-10 and is clearly in excess of the authority granted by the enabling statute.

In this state, we have long recognized that a local zoning ordinance may not change or enlarge upon the specific authority contained in the state enabling legislation, and the jurisdiction thereby conferred can neither be expanded nor diminished by the terms of an ordinance. If an ordinance in providing for a variance merely restates the terms of the enabling act, such restatement is surplusage. On the other hand, if it purports to authorize something more or something less, it is a nullity. *Lincourt* v. *Zoning Board of Review*, 98 R. I. 305, 201 A.2d 482 (1964).

In *Little Compton* v. *Round Meadows, Inc.*, 108 R. I. 478, 276 A.2d 471 (1971), this court stated that the term "improvement" as used in §45-24-10 describes land which is converted from its natural state to a different state and condition for the use and enjoyment of man. Such an improvement may consist of vacant land that has been improved by some betterment such as cultivation, clearing, drainage, irrigation, grading or something which otherwise enhances the value or usefulness of lands.

The defendant really is arguing that there was not sufficient evidence before the trial justice on which he could conclude that the signs in controversy were improvements. The only issue for determination is whether the signs constituted improvements.

The trial justice reviewed the testimony of Samuel Kaufman, who testified that the signs were taxed as tangible personal property. He also reviewed the testimony of Robert E. Laubinger and Joseph F. Byron who

testified as to the cost of various sizes and types of signs. He also reviewed the testimony of Anthony Romano, engaged in the business of erecting signs, who testified as to the cost of erecting certain type signs.

The trial justice also had the benefit of photographs and a brochure which indicated that the signs were of a substantial nature. On this evidence, the trial justice found the signs in issue to be improvements within the meaning of §45-24-10.

There is sufficient evidence to support the trial justice's finding that the signs constituted improvements and on the record we cannot say he was clearly wrong and will not disturb his findings.

The defendant next argues strongly that since the signs were taxed as personalty that plaintiffs are estopped from now claiming that the signs are improvements under the enabling statute.

The defendant's Exhibit No. 1, a letter to all local Tax Assessors from Charles B. Munsch, State Supervisor of Tax Equalization, setting forth a list for tax uniformity in assessing the property of the oil companies, is relied on by the defendant as the basis for estoppel. There is no validity in this argument since nowhere in the record is there any testimony or evidence that the plaintiffs participated in setting up the schedule.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed and the cause is remanded to the Superior Court.

Mr. Chief Justice Roberts did not participate.

*Swan, Keeney, Jenckes & Asquith, Henry M. Swan,* for plaintiffs.

*William J. Toohey,* City Solicitor, *Joseph J. McGair,* Asst. City Solicitor, for defendant.