Robert L. CONRAD et al.

v.

**TOWN OF NARRAGANSETT BOARD OF CANVASSERS et al.**

No. 80–297–M.P.

Supreme Court of Rhode Island.

Sept. 16, 1980.

Frank Caprio, Providence, for petitioners.

Dennis J. Roberts, II, Atty. Gen., John S. Foley, Sp. Asst. Atty. Gen., for respondents.

## OPINION

WEISBERGER, Justice.

This case comes before us on petition for certiorari from a decision of the State Board of Elections (the board) upholding a determination by the Board of Canvassers of the Town of Narragansett that petitioners were ineligible to file declarations of candidacy for positions on the Democratic Town Committee on June 10, 1980. The declarations of candidacy were rejected on the ground that petitioners were not qualified voters on the date upon which the declarations were submitted for filing. We issued the writ July 10, 1980, and heard oral argument on July 25, 1980. We entered an order sustaining the decision of the board on July 29, 1980. This opinion sets forth the reasons for said order. The facts are undisputed.

The five petitioners are residents of the town of Narragansett who registered to vote less than thirty days prior to the date upon which they sought to file declarations of candidacy. General Laws 1956 (1969 Reenactment) § 17–1–3, as amended by P.L. 1972, ch. 152, § 1, which governs eligibility to vote, reads as follows:

"Eligibility to vote.–Every citizen of the United States who is at least eighteen (18) years of age, whose residence and home has been in this state for at least thirty (30) days, and in the town or city in which he desires to cast his vote at least

thirty (30) days next preceding the election, and who shall be registered in that city or town at least thirty (30) days next preceding any election, shall be entitled to vote in the election; provided such person may vote in a primary election only if he is eligible under the provisions of this title, and in a financial town meeting only if he is eligible under the additional qualifications required by the constitution of this state."

The statute which governs the eligibility for filing a declaration of candidacy is G.L. 1956 (1969 Reenactment) § 17–14–2, which reads as follows:

"Candidate required to be qualified voter in primary.–No person shall be eligible to file a declaration of candidacy, or be eligible to be a candidate or be eligible to be voted for or to be nominated or elected in a party primary unless such person shall, *at the time of filing such declaration be qualified to vote in a primary* within the district for the office which he seeks." (Emphasis added.)

█ The parties have in their briefs and oral arguments raised no issues arising either under the Constitution of the State of Rhode Island or the Constitution of the United States.[1] Thus, this case presents to us only one issue, that of the construction of § 17–14–2 in light of the requirements of § 17–1–3. It is a familiar canon of statutory construction that this court's essential task is to determine and to give effect to the intention of the Legislature. *Vaudreuil v. Nelson Engineering & Construction Co.,* R.I., 399 A.2d 1220 (1979); *Narragansett Racing Association v. Norberg,* 112 R.I. 791, 316 A.2d 334 (1974). In determining the intent of the Legislature, "[w]here the language of a statute is free from ambiguity and expresses a clear and sensible meaning, such meaning is presumed to be intended by

the Legislature and the statute must be interpreted literally." *North Providence School Committee v. Rhode Island State Labor Relations Board,* R.I., 408 A.2d 928, 929 (1979); *Little v. Conflict of Interest Commission,* R.I., 397 A.2d 884 (1979); *Statewide Multiple Listing Service, Inc. v. Norberg,* R.I., 392 A.2d 371, 373 (1978); *Markham v. Allstate Insurance Co.,* 116 R.I. 152, 155–56, 352 A.2d 651, 653 (1976).

However, petitioners argue that the meaning of this section must be discerned in the light of our opinion in *Giannini v. Board of Elections,* 101 R.I. 285, 222 A.2d 193 (1966), in which we ordered the board to accept a declaration of candidacy under a prior form of the statute. At that time § 17–14–2 provided in pertinent part:

"No person shall be eligible to file a declaration of candidacy * * * unless such person shall, at the time of filing such declaration, be a qualified voter eligible to vote at the primary of said political party." Public Laws 1966, ch. 200, § 1 (current version at G.L. 1956 (1969 Reenactment) § 17–14–2).

Although the rationale of our decision in *Giannini* is not articulated in the brief per curiam opinion, it becomes reasonably apparent from an examination of the nature of the controversy that an important element of dispute in that case was the geographical limitation of the residence of the petitioner in the city of Providence. Subsequent to the determination of this court in *Giannini,* the statute was amended by P.L. 1968, ch. 247, § 1 (codified at G.L. 1956 (1969 Reenactment) § 17–14–2), which now provides in part that

"[n]o person shall be eligible to file a declaration of candidacy * * * unless such person shall, at the time of filing such declaration be qualified to vote in a primary *within the district for the office which he seeks.*" (Emphasis added.)

---

1. Petitioners in their brief make an ambiguous reference to the fact that the board's erroneous interpretation of G.L. 1956 (1969 Reenactment) § 17–14–2 was motivated by political considerations and, thus, deprived petitioners from the benefits of a number of rights guaranteed by the Constitution of the United States and the Constitution of the State of Rhode Island. This

contention is, of course, bottomed upon the assumption that the board's interpretation of the statute was erroneous. It therefore is comprehended within the arguments relating to the appropriate construction of § 17–14–2. It does not constitute an argument distinct from those dealt with hereafter in this opinion.

Consequently, the Legislature by this amendment eliminated any doubt as to geographical limitation. It reasserted the requirement that the eligibility must exist "at the time of filing such declaration."

Therefore, we believe that the statute in its present form is free from ambiguity and bears a clear and sensible meaning. This plainly expressed statutory intent requires that a person who declares his or her candidacy for an elective office must on the date of such declaration be an eligible voter. It is insufficient under the clear language of the statute that such person may become eligible as a voter at some future date on or prior to the election in which the declarant seeks to participate as a candidate. This interpretation gives effect to the statutory language in its literal expression and also follows the canons of construction which require that each "word, sentence, or provision of a statute was intended for some useful purpose and has some force and effect." *Merciol v. New England Telephone and Telegraph Co.*, 110 R.I. 149, 153, 290 A.2d 907, 910 (1972). This canon would require that the words "at the time of filing such declaration" be given the operative effect of requiring that a candidate be eligible at such time and not at any future time.

Thus, on June 10, 1980, when the petitioners proffered their declarations of candidacy, they were not eligible voters, having failed to register a sufficient time in advance of such declaration to meet the thirty–day requirement. The board was correct in upholding the decision of the Board of Canvassers of the Town of Narragansett in rejecting the petitioners' declarations of candidacy.

For the reasons stated, on July 29, 1980, we entered an order denying and dismissing the petition for certiorari, quashing the writ heretofore issued, and we now order the papers in the case remanded to the Board of Elections with our decision endorsed thereon.

DORIS, J., did not participate.