Rev. James C. RAWLINSON et al.

v.

BOARD OF CANVASSERS OF CITY OF WOONSOCKET et al.

No. 79–371–M.P.

Supreme Court of Rhode Island.

Sept. 17, 1980.

Rev. James C. Rawlinson, pro se.

John S. Foley, Sp. Asst. Atty. Gen., for respondents.

### OPINION

PER CURIAM.

This case comes before us on a petition for certiorari from a decision of the State Board of Elections which sustained a determination by the Woonsocket Board of Canvassers and Registration that rejected a declaration of candidacy for the office of Mayor of the City of Woonsocket proffered by petitioner on August 23, 1979. We issued the writ on November 8, 1979, and heard oral argument on July 25, 1980. The petitioner filed no brief in this case but relied upon the memorandum filed in support of his petition for certiorari. On July 29, 1980, we issued an order sustaining the decision of the State Board of Elections. The facts in this case are undisputed.

The petitioner registered to vote in the city of Woonsocket on August 20, 1979. Three days later, on August 23, 1979, he attempted to file his declaration of candidacy for the office of mayor. The declaration was rejected by the Woonsocket Board of Canvassers and Registration on August 29, 1979, for the reason that "Applicant is not a qualified voter at the time of filing said declaration." This determination was made pursuant to the construction of G.L. 1956 (1969 Reenactment) § 17–14–2, which reads as follows:

> "Candidate required to be qualified voter in primary.–No person shall be eligible to file a declaration of candidacy, or be eligible to be a candidate or be eligible to be voted for or to be nominated or elected in a party primary unless such person shall, at the time of filing such declaration be qualified to vote in a primary within the district for the office which he seeks."

The State Board of Elections sustained this determination, and for the reasons set forth in our opinion in *Conrad v. Town of Narragansett Board of Canvassers,* 420 A.2d 50 (R.I.1980), we hold that the decision of the State Board of Elections was correct.

Consequently, on July 29, 1980, we entered an order denying and dismissing the petition for certiorari and quashing the writ heretofore issued. We now order the papers in the case to be remanded to the State Board of Elections with our decision endorsed thereon.

DORIS, J., did not participate.