**David E. HOULE and the Republican State Central Committee By and Through its Chairman, John A. Holmes, Jr.**

v.

**Roger N. BEGIN, Jonathan K. Farnum, Leo Blais, Judith H. Bailey, Florence G. Johnson, William P. Shields and Raymond A. Xavier in Their Capacity as Members of the Rhode Island Board of Elections.**

No. 96–405–M.P.

Supreme Court of Rhode Island.

Oct. 1, 1996.

David J. Strachman, Providence, for Plaintiff.

Robert E. Craven, Anthony A. Giannini, Jr., Providence, Walter J. Kane, Harrisville, Bruce E. Vealey, Cranston, for Defendant.

**OPINION**

PER CURIAM.

This case came before us on a petition for certiorari that sought review of a decision of the State Board of Elections (the board) upholding a determination by the Board of Canvassers of the Town of Burrillville that the petitioner, David E. Houle (petitioner), was ineligible to file a declaration of candidacy for the office of State Representative in Representative District No. 61 (District 61). After hearing oral argument in the case, we issued an order on August 16, 1996, denying the petition for certiorari and affirming the decision of the board. This opinion sets forth the reasons for said order. The facts of the case are uncontradicted.

On June 25, 1996, petitioner filed a declaration of candidacy for the office of State

Representative for District 61. This declaration was filed in the town of Burrillville pursuant to the terms of G.L.1956 chapter 14 of title 17. The petitioner had been a resident of the town of North Smithfield throughout his life and had been a registered voter in that town in a location that formed part of District 61. About a year and a half before filing his declaration of candidacy, petitioner moved to a location in Burrillville that is also part of District 61. He did not register as a voter in the town of Burrillville until June 18, 1996. His declaration of candidacy was challenged before the Burrillville Board of Canvassers on the ground that he was not a qualified voter in the town of Burrillville on the date of filing his declaration of candidacy. This challenge was upheld by the Board of Canvassers of the town of Burrillville and later by the board. Both of these bodies found as a fact and held as a matter of law that petitioner was not a qualified voter at the time of the filing of his declaration of candidacy in the town of Burrillville. Thereafter, petitioner sought review of the decision of the board. We sustained that decision in our order of August 16, 1996, for the following reasons.

Section 17–14–2 sets forth the following requirements in respect to eligibility to file a declaration of candidacy:

> **"Candidate required to be qualified voter in primary.**—No person shall be eligible to file a declaration of candidacy, or be eligible to be a candidate or be eligible to be voted for or to be nominated or elected in a party primary unless such person shall, at the time of filing such declaration be qualified to vote in a primary within the district for the office which he or she seeks."

It is necessary to read this section together with the requirements of G.L.1956 § 17–1–3, which reads as follows:

> **"Eligibility to vote.**—Every citizen of the United States who is at least eighteen (18) years of age, whose residence as defined in § 17–1–3.1 has been in this state for at least thirty (30) days, and in the town or city and voting district in which that person desires to cast his or her vote at least thirty (30) days next preceding the election, *and who shall be registered in that city or town and voting district at least thirty (30) days next preceding any election,* shall be entitled to vote in the election; provided a person may vote in a primary election only if that person is eligible under the provisions of this title. A person who has not registered to vote or whose registration has been canceled pursuant to § 17–10–1 may cast a vote for president and vice-president on election day at his or her city or town hall. The casting of said vote, however, shall commence the process of voter registration thereby subjecting the person so voting to the requirements and penalties of this chapter." (Emphasis added.)

We have construed earlier versions of these two sections, whose material provisions were identical to the current enactments, together on a prior occasion in the case of *Conrad v. Town of Narragansett Board of Canvassers,* 420 A.2d 50 (R.I.1980). In that case we held that the plainly expressed statutory intent required that a person who declares his or her candidacy for an elective office must on the date of such declaration be an eligible voter. We went on to say:

> "It is insufficient under the clear language of the statute that such person may become eligible as a voter at some future date on or prior to the election in which the declarant seeks to participate as a candidate." *Id.* at 52.

Applying this statutory interpretation to the facts of the case at bar, it is clear that on June 25, 1996, petitioner was not a qualified voter in the town of Burrillville since he had not been registered in that town for at least thirty days prior to the filing of his declaration. By registering in the town of Burrillville, petitioner had automatically canceled his registration in North Smithfield. Section 17–9.1–17. Consequently, on the date of filing his declaration of candidacy, petitioner was ineligible to vote in either municipality

and, therefore, was not a qualified voter in either municipality on the date of filing.

The petitioner has argued that since both municipalities were within District 61, he should be eligible pursuant to the doctrine enunciated by this court in *Collins v. State Board of Elections,* 480 A.2d 408 (R.I.1984). Unfortunately, our holding in that case is not of assistance to this petitioner. Essentially in *Collins* two candidates, Edward J. Collins and Joseph A. Doorley, Jr., had moved from one voting district to another voting district within the city of Providence. We held that since both candidates were registered voters in the municipality of Providence, they were qualified to declare their candidacy even though they had moved from one voting district to another. In essence we held that the district was the entire city of Providence rather than the voting districts within that municipality.

However, § 17–1–3 unequivocally provides that any person who files a declaration of candidacy "shall be registered in that city or town * * * at least thirty (30) days next preceding any election." *Collins* dealt with two voting districts within a single municipality, not with districts within separate and distinct municipalities. The argument that registration within a representative district would satisfy the requirements of registration within a distinct municipality within said district would cause us to rewrite the terms of the statute. We have already said in

*Conrad* that the terms of § 17–1–3 are plain and unambiguous and must be given literal application.

Consequently the petitioner, on the date of filing his declaration of candidacy, was not a qualified voter in the town of Burrillville and had ceased to be a qualified voter in the town of North Smithfield. His unexplained delay of nearly one and a-half years between moving to the town of Burrillville and registering there as a voter cannot be cured under our present statutory framework and the case law that has interpreted and applied those statutes.

For the reasons stated, on August 16, 1996, we entered an order denying the petition for certiorari. We now order the papers in the case remanded to the Board of Elections with our decision endorsed thereon. The writ heretofore issued is hereby quashed.