DECISION
This is an appeal from a decision of the Zoning Board of Review of the Town of North Providence (Board). St. Mary's Home for Children (appellant) seeks reversal of the Board's decision of May 15, 1997. In its decision, the Board granted the appeal of Patricia Hays (appellee), who alleged that building permits numbered 12295, 12296, 12330, and 12331 were illegally issued. Jurisdiction in this Court is pursuant to G.L. 1956 §45-24-69.
 Facts/Travel
The appellant owns real property located at 442-444 Fruit Hill Ave in North Providence, Rhode Island, designated as lot 406 on Assessor's Plat 13. On November 7, 1996 the appellant filed an application for building permits in order to construct two community residences. The community residences would be located within an RS (Residential Single) zone. (Decision letter of the Board dated June 3, 1997). In November, building permits numbered 12295 and 12296 were issued, allowing appellant to proceed with construction. (Tr. of February 20, 1997 at 18). In December 1996, the building inspector issued building permits numbered 122330 and 12331, which allowed the appellant to construct the remaining portions of the community residences. (Tr. of February 20, 1997 at 43).
On January 17, 1997, Patricia Hays (appellee), an owner of real property located at 29 Hawkins Boulevard, North Providence, Rhode Island, designated as lot 652 on Assessor's Plat 13, filed an appeal with the Board alleging that the building permits had been illegally issued. The appellee is a neighbor located within 200 feet of the appellant.
On February 20, 1997, March 27, 1997, April 2, 1997, and April 17, 1997 the Board heard testimony and received evidence. The Board heard testimony that St. Mary's Home for Children has taken in orphaned and troubled youth since 1928. (Tr. of April 2, 1997 at 37). The "campus" has a main building, a gymnasium, and several other buildings. (Tr. of April 2, 1997 at 11-14, 30.) Bernard Smith, executive director at St. Mary's Home for Children, testified that St. Mary's wanted to construct two single story cottage homes (community residences) in order to provide a lifestyle more akin to that of a family setting. (Tr. of April 2, 1997 at 18-19, 42-43, 51). Each cottage would be able to house eight children. (Tr. of April 2, 1997 at 51). The Department of Children, Youth and Families (DCYF) would license each cottage facility. (Tr. of April 17, 1997 at 4).
On May 15, 1997, the board upheld Patricia Hays's appeal. The Board decided "that it was not the intent of the law to cluster community residences into an institutional use . . ." as would occur with the construction of the two community residences. (Decision Letter of the Board, dated June 3, 1997). The Board also found that construction of the two community residences would impermissibly intensify a non-conforming use without the requisite approval from the Board for a variance. (Decision Letter of the board dated June 3, 1997). In upholding Hays's appeal, the Board essentially decided that building permits numbered 12295, 12296, 12330, and 12331 had been illegally issued.
The appellant filed a timely appeal of the Board's decision to this court. On appeal, the appellant argues that the proposed cottages are community residences which are permitted in residential areas.
 Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of FireFighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521 (1977).
 Community Residences
Section 45-24-37 of the Rhode Island General Laws specifies that "the following uses shall be permitted uses within all residential zoning use districts of a municipality and all industrial and commercial zoning use districts . . . (b) community residences . . . ."
 A "community residence" is defined as
 "[a] home or residential facility where children and/or adults reside in a family setting and may or may not receive supervised care . . . [t]his shall include . . . (c) A residence for children providing care or supervision, or both, to not move than eight (8) children including those of the care given and licensed by the State pursuant to Chapter 72.1 of title 42." § 45-24-31(15).
The appellees contend that the two proposed cottages do not meet the above definition of "community residence." The appellees argue that the proposed cottages are institutional in nature and do not correspond to a home or family setting.
"In construing a statute, our task is to effectuate the intent of the legislature." D'Ambra v. North Providence SchoolCommittee, 601 A.2d 1370, 1374 (R.I. 1992). "This is accomplished from an examination of the language, nature and object of the statute." Id. "Absent a contrary intent the words in the statute must be given their plain and ordinary meaning." Id.
In the instant case, the proposed cottages are clearly within the plain meaning of § 45-24-31(15)(c). The record reveals that each residence will provide care for up to eight children and will be licensed by DCYF pursuant to § 42-72.1-1 et seq. The record also reveals that the children will participate in activities associated with a family setting. (See Tr. of April 2, 1997 at 18-19, 42-43, 51). The more specific language of §45-24-31 (15)(c) further defines a specific example of a "home" or "family setting" referred to in the beginning of the statute section. See Merciol v. New England Telephone Telegraph,110 R.I. 149, 290 A.2d 907, 910 (1972) (the specific language of a zoning statute section modified the more general language of another zoning statute section). The proposed cottages match the specific example listed in § 45-24-21(15)(c). Because the proposed cottages qualify as "community residences," under §45-24-37, they are a permitted use in the zone.
The appellees further challenge the ability of the appellant to construct multiple buildings (two) on lot 406. The appellees argue that the proposed community residences constitute an illegal cluster of buildings and a land development project which has not been approved by the Development Plan Review Board. The appellees also argue that the proposed community residences are an illegal intensification of a nonconforming use.
It is the function of the courts to construe statutes. SeeD'Ambra, 601 A.2d at 1374; Carmody v. R.I. Conflict of InterestCommission, 509 A.2d 453, 458 (R.I. 1986). The proposed community residences do not require approval from the Development Plan Review Board, as the ordinance provides that construction of "commercial, manufacturing and multi-household uses" are subject to development plan review. (Town of North Providence Zoning Ordinance, Article VIII, Section 807.) As each community residence is a single household building, Article III, Section 807, entitled Development Plan Review, is inapplicable. The language of § 45-24-37 broadly allows community residences in any residential, industrial, and commercial zoning district. Nothing in the section prevents the construction of community residences side by side.
However, the zoning ordinance does place a limit of one main residential building per lot. (Town of North Providence Zoning Ordinance, Article II, section 209.) In the instant case, the record reveals that this limit has not been adhered to for decades, as several buildings occupy the over-sized lot 406 comprising the St. Mary's "campus." These buildings have been accepted as nonconforming uses. The zoning ordinance specifies that "[a] lawfully established use of land, building, or structure which is not a permitted use in the zoning district in which it is located, as set forth in Article II, is nonconforming by use." (Town of North Providence Zoning Ordinance, Article IV, section 403.) An impermissible number of dwelling units in a building is also a nonconforming use. (Town of North Providence Zoning Ordinance, Article IV, section 405.) Similarly, section 209's limitation on the number of residences per lot is a use restriction.
"[A] state law of general character and statewide application is paramount to any local or municipal ordinance inconsistent therewith." Mongony v. Bevilacqua, 432 A.2d 661, 664 (R.I. 1981). Section 45-24-37 specifically states that community residences are permitted uses in residential zones. The North Providence Zoning Ordinance cannot prevent the construction of the community residences on the basis of use restrictions as § 45-24-37 is paramount in establishing that community residences are permitted uses. Of course, the appellant must still comply with dimensional zoning ordinances pertaining to frontage, setback provisions and building dimensions. No challenge has been made in this appeal to the dimensional specifications of the proposed community residences.
The policy interests behind the establishment of community residences also evinces the legislative intent that §45-24-37 allows the construction of two community residences on the same oversized lot. Community residences, such as the type involved in this case, are heavily regulated by DCYF. See § 42-72.1 et seq. The policy interest in regard to state owned buildings not being fettered by municipal ordinances is analogous to the instant case, because of DCYF's close scrutiny of community residence facilities. See Blackstone Park, Etc. v.State Bd. Etc., 448 A.2d 1233 (R.I. 1982); see also Town ofSmithfield v. Fanning, 602 A.2d 939 (R.I. 1992). In BlackstonePark, the court granted immunity from municipal ordinances to a state owned rehabilitative facility for injured workers. The court stated that:
 "The interest of the State in ensuring that such services will be available to all qualified workers in need is paramount to the interests of the city of Providence and small group of property owners and local residents who object to the expansion of a nonconforming use that has been in existence in the Blackstone Boulevard neighborhood since 1943."
In the instant case, the interest of the state in having facilities to care for troubled youth far outweighs the concerns of property owners about a lot which has contained facilities for youths since 1928. Like the subject facility in Blackstone Park, the instant community residences are not "unreasonable." The community residences do not increase the number of children at the location, and the residences have sufficient land area to meet all dimensional requirements. In Mongony, supra, the court also found that a resident facility for six retarded persons was of paramount state concern. See Mongony, 432 A.2d at 664.
Finally, the community residences' constituting permitted uses also resolves the appellees' argument that an illegal intensification has occurred. An intensification of a nonconforming use will not occur because the community residences are permitted uses. An increase in a nonconforming use constitutes an intensification. (See Town of North Providence Zoning Ordinance, Article IV, section 408 (f)).
 CONCLUSION
After review of the entire record, this Court finds that the Board's decision was in violation of statutory provisions and was clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record. Substantial rights of the petitioner have been prejudiced.
Accordingly, the appellant's appeal is granted and the decision of the Board is reversed.
Counsel shall prepare the appropriate judgment for entry.