DECISION
This is an appeal from a May 15, 2000 decision of the City of Newport Municipal Court. The Gullison Family Trust (Defendant) appeals the Municipal Court's imposition of a five thousand (5000) dollar fine for violating § 17.04.050(A)(2)(b) of the Newport Zoning Ordinance, specifically, the placement of a second dwelling unit on the property without the proper permits. See Newport Municipal Court Complaint. In its decision, the Municipal Court found that the Defendant had maintained a second dwelling unit in violation of the Newport Zoning Ordinance. The Defendant now seeks reversal of the Municipal Court's decision. Jurisdiction is pursuant to Rhode Island Public Laws 1987, Ch. 511, 87-H 7116.[1] In applying the prescribed de novo standard of review, this Court has considered an agreed statement of facts and briefs submitted by the parties.
 FACTS/TRAVEL
Defendant is the owner of a residential dwelling with a detached garage located at 65 Harrison Avenue, Newport, RI. The City of Newport (Plaintiff) alleges that additional dwelling units were maintained on the third floor area of the main house, as well as above the detached garage. Indeed, it is not disputed that from time to time the third floor area of the main house is rented or occupied by unrelated third parties. See Agreed Statement of Facts, p. 3. Furthermore, it is not disputed that from time to time the studio apartment above the detached garage is rented or occupied by unrelated third parties. See Agreed Statement of Facts, p. 3. However, neither of the apartments includes or contains portable or permanant cooking provisions. See Agreed Statement of Facts, p. 4.
On July 2, 1999, Defendant was served with a complaint for maintaining a second dwelling unit on the property without proper permits. A three day trial resulted in a Municipal Court decision finding the Defendant guilty of the aforementioned violation. Thereafter, Defendant filed a timely appeal to this Court.
On appeal, the Defendant argues that he has not maintained a second dwelling unit on the subject property, either above the detached garage or on the third floor of the main house. According to the Defendant, the living areas on the subject property do not include cooking provisions and therefore do not fall within the statutory definition of "dwelling unit." Plaintiff, while conceding that the pertinent living areas do not include cooking provisions, nevertheless argues that a second dwelling unit was maintained on the subject property. Both parties rely on their differing interpretations of "dwelling unit," as defined in § 17.08.010 of the Newport Zoning Ordinance and § 45-24-31(24) of the Rhode Island General Laws. A finding of guilt pursuant to the Plaintiff's argument would confirm the Municipal Court's imposition of a fine.[2]
The five thousand (5000) dollar fine imposed, however, would be greatly reduced in light of P.L. 1993, ch. 93-91, s 1, which only authorizes the Municipal Court to impose fines not to exceed five hundred (500) dollars.
 STATUTORY CONSTRUCTION
Whether or not the Defendant has maintained additional dwelling units on the subject property is purely a matter of statutory interpretation. The task of this Court in construing a statute is to "establish and effectuate the intent of the Legislature." Wayne Distribution Co. v. Rhode Island Commission For Human Rights, 673 A.2d 457, 460 (R.I. 1996) (quoting Rhode Island State Labor Relations Board v. Valley Falls Fire District, 505 A.2d 1170, 1171 (R.I. 1986)). The intent of the legislature is determined "by examining the language, the nature, and the object of the statute while giving its words their plain and ordinary meaning." C 
J Jewelry Co., Inc. v. Department of Employment and Training Board of Review, 702 A.2d 384, 385 (R.I. 1997). "It is well settled that when the language of a statute is plain and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Providence Worcester R. Co. v. Pine,729 A.2d 202, 208 (R.I. 1999) (quoting Accent Store Design, Inc. v. Marathon House, Inc., 674 A.2d 1223, 1226 (R.I. 1996)). Furthermore, the rules governing statutory interpretation are equally applicable to the interpretation of an ordinance. See Mongony v. Bevilacqua, 432 A.2d 661
(R.I. 1981); See also Town of Warren v. Frost, 111 R.I. 217, 301 A.2d 572
(1973).
The Newport Zoning Ordinance defines the term "dwelling unit" as follows:
 "Dwelling Unit means structure or portion thereof occupied by a family as defined in this section providing complete, independent living facilities for one or more persons, including temporary, portable and/or permanent provisions for living, sleeping, eating, cooking and sanitation, and containing a separate means of ingress and egress." § 17.08.010. (emphasis supplied.)
In addition, G.L. § 45-24-31(24) also defines the term "dwelling unit":
 "A structure or portion of a structure providing complete, independent living facilities for one or more persons, including permanent provisions for living, sleeping, eating, cooking, and sanitation, and containing a separate means of ingress and egress." § 45-24-31(24) (emphasis supplied.)
Section 45-24-31(34) of the Rhode Island General Laws provides further guidance:
 "Household. One or more persons living together in a single dwelling unit, with common access to, and common use of, all living and eating areas and all areas and facilities for the preparation and storage of food within the dwelling unit. The term `household unit' is synonymous with the term `dwelling unit' for determining the number of units allowed within any structure on any lot in a zoning district." § 45-24-31(34) (emphasis supplied.)[3]
With these statutory provisions and interpretive guidelines in mind, this Court must first address the issue of which definition of "dwelling unit" to apply. The definition found within the Newport Zoning Ordinance is somewhat broader than that found in the General Laws. In meeting the definition of "dwelling unit," the ordinance provides that provisions for cooking can be portable or temporary, while the General Laws provide that such provisions must be permanent. A local ordinance, however, may not change or enlarge upon the specific authority contained in the state enabling legislation. See American Oil Co. v. City of Warwick, 351 A.2d 577
(R.I. 1976). Any attempt to do so is clearly an unauthorized action by the municipality. Consequently, the pertinent ordinance in the case at bar, which exists subject to the authority delegated by the legislature, must be construed as limited by the applicable enabling legislation.
Notwithstanding the uncontroverted fact that no cooking provisions were found in either of the subject living areas, the Plaintiff argues that this Court should forego a literal or strict interpretation of §45-24-31(24), thereby concluding that the living areas in the present case are "dwelling units." In support of this proposition, Plaintiff relies on the theory set forth in Falstaff Brewing Corp. V. Naragansett Brewery Fire, 637 A.2d 1047 (R.I. 1994), that a mechanical application of the statutory definition would produce an absurd result; namely, a determination that apartments in residential zones are legal as long as there are no cooking provisions within the four walls of that apartment. However, nothing about such a finding is apparently absurd in the opinion of this Court. On the contrary, it is perfectly reasonable that the Legislature could intend to find dwelling units only where they were of such a substantial nature as to contain permanent cooking provisions. Additionally, by strictly limiting the definition of "dwelling unit," the Legislature prevents a stifling and burdensome situation whereby every person who rents a small studio, room or flat, without the enumerated provisions of § 45-24-31(24), would be required to seek permits. It does not belie reason to conclude that the drafters intended only certain, more comprehensive living situations, to comprise a threat to the public health, safety, and general welfare. See § 45-24-30(1).
Moreover, it is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute. See Merciol v. New England Tel. Tel. Co., 110 R.I. 149, 290 A.2d 907
(1972). A statute should be interpreted so that effect is given to all its provisions, so that no part will be inoperative, superfluous, or insignificant. See Brennan v. Kirby, 529 A.2d 633, 637 (R.I. 1987) (holding that "a statute or enactment may not be construed in a way . . . if at all possible, to render sentences, clauses, or words surplusage"). Section 45-24-31(24) expressly provides that a "dwelling unit" must include permanent cooking provisions. The Agreed Statement of Facts in this case indicates that the subject living areas did not include cooking provisions. In examining such an unambiguous statute, "there is no room for statutory construction"; it must be applied as written. In re Denisewich, 643 A.2d 1194, 1197 (R.I. 1994). Therefore, this Court concludes that the subject living areas do not fall within the definition of "dwelling unit," as set forth in § 45-24-31(24).
In literally applying the subject statute as it is written, this Court finds that if the Legislature intended living areas without permanent cooking provisions to be included under the definition of "dwelling unit," the drafters would have simply omitted the word "cooking" within the text of § 45-24-31(24). Just as a specific enumeration of items in a statute indicates a legislative intent to exclude all items not listed, that same enumeration would indicate a legislative intent to include all items which are listed. See Terrano v. State of Rhode Island Department of Corrections, 573 A.2d 1181, 1183 (R.I. 1990). This Court presumes that every word found within § 45-24-31(24) has been used for a purpose, there being nothing presented to this Court that would indicate otherwise.
 CONCLUSION
This Court concludes that the pertinent section of the Newport Zoning Ordinance, specifically § 17.04.050(A)(2)(b), has been applied arbitrarily to the Defendant. There is no evidence that Defendant has maintained a second dwelling unit on the subject property without the proper permits. Rather, the areas relevant to this case do not include permanent cooking provisions; and this leads to the clear conclusion that the subject areas do not fall within the statutory definition of "dwelling unit." The decision of the Newport Municipal Court is reversed. Counsel shall prepare the appropriate order after notice.
[1] Public Laws 1987, Chapter 511, s 1, provides in pertinent part:
 "The City Council of the City of Newport may establish a Municipal Court and confer upon such court original jurisdiction, notwithstanding any other provisions of the general laws, to hear and determine causes involving violation of any ordinance . . .; Provided, however, that any defendant found guilty of any offense . . . may within seven (7) days of such conviction file an appeal from said conviction to the Newport Superior Court and be entitled in the latter court to a trial de novo. . . ."
To date, the aforementioned Public Law has not been placed into the Rhode Island General Laws. In fact, neither have the subsequent amendments to the Public Law, specifically, P.L. 1993, Chapter 93-91, s 1 and P.L. 1998, Chapter 98-477, s 1. This omission creates some ambiguity due to the fact that G.L. § 8-18-9 sets forth an appeal procedure from Municipal Courts that does not confer jurisdiction on the Superior Court. According to § 8-18-1, this appeal procedure would apply to Municipal Court decisions involving "any and all local ordinances." However, in light of the specific appeal provision found in the Public Laws, this Court will proceed to the relative merits of the present appeal.
[2] Section 17.112.080 of the Newport Zoning Ordinance provides for the imposition of fines. Chapter 93-91 of the Public Laws (1993), Chapter 98-477 of the Public Laws (1998), and chapter 511 of the Public Laws (1987) clearly authorize the town to enact penalties for violations of town ordinances. However, the Municipal Court's penalty in the case at bar exceeds the authority delegated by the Legislature.
[3] Plaintiff argues that because an outdoor grill was located on the subject premises, it somehow constituted a cooking provision for purposes of maintaining a dwelling unit. However, § 45-24-31(34) and §45-24-31(24) require that the cooking provisions must be permanent and within the unit. Therefore, an outdoor grill cannot constitute a cooking provision pursuant to the statutory language.