DECISION
This is an appeal from an August 28, 2000 decision of the City of Newport Municipal Court. Richard Gordon (Defendant) appeals the Municipal Court's imposition of a five thousand (5000) dollar fine for violating § 17.04.050(A)(1) of the Newport Zoning Ordinance, specifically, the changing of roof material without the approval of the Historic District Commission (Commission). See Newport Municipal Court Complaint. In its decision, the Municipal Court found that the Defendant had changed roof material in violation of the Newport Zoning Ordinance. The Defendant now seeks reversal of the Municipal Court's decision. Jurisdiction is pursuant to Rhode Island Public Laws 1987, Ch. 511, 87-H 7116.
 FACTS/TRAVEL
In June of the year 1998, Defendant discovered that the roof to his home at 81 Ocean Avenue, Newport, Rhode Island was leaking and in serious need of repair. Sometime in 1998, Richard Gordon applied for a building permit to have old wood and asphalt shingles on his roof replaced with "architectural" asphalt shingles. The building permit was granted on October 5, 1998 with the condition that approval be obtained from the Historic Commission. On October 6, 1998 Richard Gordon filed an application with the Commission to obtain approval. On November 10, 1998, the Commission held a hearing on the application. At this hearing, the Commission decided that Defendant could replace some shingles, thereby providing the Commission with a sample from which they would make a final decision. After the Defendant provided the Commission with a sample viewing, as they had requested, the Commission held further hearings on the application in February of 1999. It was at these hearings that the Commission made its final decision to deny the application, the oral decision being issued on February 16, 1999.[1] Having waited the statutorily prescribed forty-five (45) days subsequent to the date of the final hearing without receiving further correspondence from the Commission (§ 45-24.1-4(e) requires a clearly reasoned written
decision within this time frame), Defendant proceeded to completely replace the shingles on his roof.
On June 6, 2000, fifteen (15) months after the February 1999 hearing, Zoning Officer Guy E. Weston, apparently in a transparent attempt to satisfy the provisions of § 45-24.1-4(e), transmitted a cryptic and deficient letter to the Defendant which denied the application in writing. Interestingly, this letter came after the Defendant was arraigned in Municipal Court on July 19, 1999, indicating an arbitrary imposition of charges and a disingenuous attempt to sustain and bolster the charges against the Defendant. To make matters worse, the Municipal Court, without any record, levied a five thousand (5000) dollar fine, which is four thousand five hundred (4500) dollars in excess of what they are authorized to impose. See P.L. 1993, ch. 91-93, s 1.
 STATUTORY CONSTRUCTION
Whether or not the Defendant has changed roof material without the approval of the Commission is purely a matter of statutory interpretation. The task of this Court in construing a statute is to "establish and effectuate the intent of the Legislature." WayneDistribution Co. v. Rhode Island Commission For Human Rights, 673 A.2d 457, 460 (R.I. 1996) (quoting Rhode Island State Labor Relations Board v.Valley Falls Fire District, 505 A.2d 1170, 1171 (R.I. 1986)). The intent of the legislature is determined "by examining the language, the nature, and the object of the statute while giving its words their plain and ordinary meaning." C J Jewelry Co., Inc. v. Department of Employmentand Training Board of Review, 702 A.2d 384, 385 (R.I. 1997). "It is well settled that when the language of a statute is plain and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Providence WorcesterR. Co. v. Pine, 729 A.2d 202, 208 (R.I. 1999) (quoting Accent StoreDesign, Inc. v. Marathon House, Inc., 674 A.2d 1223, 1226 (R.I. 1996)). Moreover, when the task requires the interpretation of different statutory provisions in pari materia, the goal is to construe the laws "such that they will harmonize with each other and be consistent with their general objective scope." In Re Doe, 717 A.2d 1129, 1132 (R.I. 1998). Furthermore, the rules governing statutory interpretation are equally applicable to the interpretation of an ordinance. See Mongony v.Bevilacqua, 432 A.2d 661 (R.I. 1981); See also Town of Warren v. Frost,111 R.I. 217, 301 A.2d 572 (1973).
Chapter 17.80 of the Newport Zoning Ordinance deals with Historical Area Zoning and the Commission. Section 17.80.040 provides as follows:
 "All decisions of the Commission shall be in writing. The Commission shall articulate and explain the reasons and basis of each decision and in the case of a decision not to issue a Certificate of appropriateness, the Commission shall include the basis for its conclusion that the proposed activity would be incongruous with those aspects of the structure, appurtenances, or the District which the Commission has determined to be historically or architecturally significant. The Commission shall send a copy of the Decision to the applicant."
In addition, G.L. § 45-24.1-4(e) is in accord with the aforementioned language.
Section 17.80.050 of the Newport Zoning Ordinance, entitled "Failure of the Commission to act," further provides:
 "The failure of the Commission to act within (45) days from the date of a completed application filed with it shall be deemed to constitute approval, unless an extension is agreed upon mutually. . . ."
Section 45-24.1-7 is in accord with the aforementioned language.
With these statutory provisions and interpretive guidelines in mind, this Court must address the legal consequence of the Commission's failure to issue a sufficient written decision, and the effect that this inaction has on the decision of the Municipal Court. Decisions of the Commission shall be in writing, and they shall also be explained with articulate reasoning and a clear basis for the conclusion. § 45-24.1-4(e). In failing to issue the statutorily mandated decision, it cannot be said that the Commission has properly "acted" on the Defendant's application as prescribed by § 45-24.1-7. Therefore, such failure to "act" shall be deemed to constitute an approval of the Defendant's roofing proposal in the present case. Id. This decision is not merely based on the procedural nuances of § 45-24.1-4(e), but rather on the logical fear that without setting forth reasons for decisions, the Commission would be able to deny relief based on their own whims and caprices, thereby making appellate review virtually impossible.
Moreover, it is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute. SeeMerciol v. New England Tel. Tel. Co., 110 R.I. 149, 290 A.2d 907
(1972). A statute should be interpreted so that effect is given to all its provisions, so that no part will be inoperative, superfluous, or insignificant. See Brennan v. Kirby, 529 A.2d 633, 637 (R.I. 1987) (holding that "a statute or enactment may not be construed in a way. . . if at all possible, to render sentences, clauses, or words surplusage"). Section 45-24.1-4(e) expressly provides that the Commission shall issue a written decision articulating the basis for its decision. The Agreed Statement of Facts in this case indicates that no decision has been issued as of the present date. In examining such an unambiguous statute, "there is no room for statutory construction"; it must be applied as written. In re Denisewich, 643 A.2d 1194, 1197 (R.I. 1994). Therefore, this Court concludes that the failure to issue a written decision constitutes a failure to act pursuant to § 45-24.1-7, thereby deeming the proposal approved.
In literally applying the subject statute as it is written, this Court finds that if the Legislature did not intend Historic Commission decisions to be clearly articulated in writing, they would have omitted that provision from the text of the statute. Just as a specific enumeration of items in a statute indicates a legislative intent to exclude all items not listed, that same enumeration would indicate a legislative intent to include all items which are listed. See Terrano v.State of Rhode Island Department of Corrections, 573 A.2d 1181, 1183 (R.I. 1990). This Court presumes that every word found within § 45-24.1 has been used for a purpose, there being nothing presented to this Court that would indicate otherwise.
 CONCLUSION
This Court concludes that the pertinent section of the Newport Zoning Ordinance, specifically § 17.04.050(A)(1), has been applied arbitrarily to the Defendant. There is no legal basis for concluding that Defendant has changed roof material on the subject property without the proper approval. Rather, the improvements made to the subject roof were constructively approved when the Commission failed to act as prescribed by statute. The decision of the Newport Municipal Court is reversed. Counsel shall prepare the appropriate order after notice.
[1] The Defendant's brief in this matter indicates that the oral decision was merely in the form of a voice vote.